UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>         v.<br><br>BRITE ADVISORS USA, INC.,<br><br>                              Defendant. | No. 23-CV-10212 (LGS) |

**FINAL JUDGMENT AS TO DEFENDANT BRITE ADVISORS USA, INC.**

The Securities and Exchange Commission having filed a Complaint on November 21, 2023, and Defendant Brite Advisors USA, Inc. ("Defendant") having entered a general appearance and filed an answer and affirmative defenses on July 31, 2024; consented to this Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(2)], by, as an investment adviser, use of the mails or any means or instrumentality of interstate commerce to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client by, directly or indirectly, (i) creating a false appearance or

1

otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of client funds,

    (D) compensation to any person,

    (E) Defendant's qualifications to advise clients; or

    (F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] by, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. 80b-3], having custody of client funds or securities as defined under Rule 206(4)-2(d) [17 C.F.R. § 275.206(4)-2(d)] without complying with the terms and conditions of Rule 206(4)-2(a)-(c) [17 C.F.R. § 275.206(4)-2(a)-(c)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, advising others for compensation as to the value of securities or as to the advisability of investing in, purchasing, or selling securities unless an exclusion under Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)] applies to exclude the activities from the definition of an "investment adviser" set out in that section.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   June 3  , 2025

                                             LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRITE ADVISORS USA, INC.,<br><br>Defendant. | No. 23-cv-10212 (LGS) |

**CONSENT OF DEFENDANT BRITE ADVISORS USA, INC.**

1.      Defendant Brite Advisors USA, Inc. ("Defendant") acknowledges having been served with the complaint in this action, which was filed on November 21, 2023, entered a general appearance, filed an answer and affirmative defenses on July 31, 2024, and admits this Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10, and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

       (a)    permanently restrains and enjoins Defendant from violating Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(2)] and Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2]; and

       (b)    permanently restrains and enjoins Defendant from directly or indirectly,

including, but not limited to, through any entity owned or controlled by Defendant, advising others for compensation as to the value of securities or as to the advisability of investing in, purchasing, or selling securities unless an exclusion under Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)] applies to exclude the activities from the definition of an "investment adviser" set out in that section.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by this Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that this Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition this Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to this Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 22, 2025

BRITE ADVISORS USA, INC.

By: _____
Martin A. Byrne
Sole Owner and Chief Executive Officer

On May 22, 2025, MARTIN A. BYRNE, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: September 14, 2028

Approved as to form:

_____
Natalie A. Napierala
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, NY 10174
(212) 785-2577
Email: nnapierala@carltonfields.com

Richard T. Choi
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007-5208
Phone: (202) 965-8127
Email: RChoi@carltonfields.com

*Pro Bono Counsel for Brite Advisors USA, Inc.*

ANGELLA E. WILSON
Notary Public, State of New York
No. 01WI6409059
Qualified in Kings County
Commission Expires September 14, 2028